UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GWENDOLYN THOMPSON,   Case No. 6:23-CV-01675-RBD-LHP

Plaintiff,

vs.

MAGICAL CRUISE COMPANY LIMITED,
d/b/a DISNEY CRUISE LINE,

Defendants.
_____/

**DEFENDANT MAGICAL CRUISE COMPANY LIMITED'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Magical Cruise Company Limited d/b/a Disney Cruise Line ("DCL") answers the complaint of plaintiff Gwendolyn Thompson ("Ms. Thompson") as follows:

1. Without knowledge, therefore denied.

2. Admitted that DCL is a foreign corporation authorized to conduct business in the State of Florida. The remainder is denied.

3. Without knowledge, therefore denied.

4. Admitted that the Middle District of Florida is a forum allowed by the passenger ticket contract. Without knowledge as to the remainder, therefore denied.

5. (a – f)   Admitted for personal jurisdiction purposes only.

6. Admitted for the purposes of this lawsuit only. The remainder is denied.

7. Admitted.

1

## ALLEGED "FACTS COMMON TO ALL COUNTS"

8. Admitted that DCL was the *pro hac vice* owner of the Disney *Wonder* at the time of the plaintiff's alleged accident. The remainder is denied.

9. Admitted that DCL was the *pro hac vice* owner of the *Disney Wonder* at the time of the plaintiff's alleged accident. The remainder is denied.

10. Admitted that Ms. Thompson was a ticketed passenger aboard the Disney *Wonder*, which was in navigable waters on the date of her alleged accident. The remainder is denied.

11. This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

12. DCL admits that a contract exists between DCL and Vanter and that the contract speaks for itself. The remainder is denied.

13. Denied.

14. Denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Denied.

## COUNT I – ALLEGED NEGLIGENT FAILURE TO WARN

DCL restates, adopts, and incorporates by reference its responses to paragraphs one through twenty as if stated herein.

21.   The allegations in paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, denied.

22.   The allegations in paragraph 22 contain legal conclusions to which no response is required. To the extent a response is required, denied.

23.   Admitted.

24. (a – i)   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

## COUNT II – ALLEGED NEGLIGENT FAILURE TO MAINTAIN

DCL restates, adopts, and incorporates by reference its responses to paragraphs one through twenty as if stated herein.

28.   The allegations in paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, denied.

29.   The allegations in paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, denied.

30. (a – h)   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

## COUNT III – ALLEGED NEGLIGENCE

DCL restates, adopts, and incorporates by reference its responses to paragraphs

one through twenty as if stated herein.

35. The allegations in paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, denied.

36. The allegations in paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, denied.

37. (a - m)   Denied.

38.   Denied.

39.   Denied.

40.   Denied.

41.   Denied

## COUNT IV – ALLEGED NEGLIGENCE AGAINST VANTER

DCL restates, adopts, and incorporates by reference its responses to paragraphs one through twenty as if stated herein.

42. This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

43. This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

44. This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

45. This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

46. This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

47. (a – u)   This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

48. (a – l)   This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

49.   This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

50.   This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

51.   This paragraph is not directed to DCL and no response is required. To the extent that one is required, denied.

DCL denies all allegations in Ms. Thompson's complaint that are not expressly admitted herein and denies that Plaintiff is entitled to the relief requested in the WHEREFORE clause immediately following paragraphs 27, 34, 41, and 51 of the complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense and in further answer to the complaint, DCL asserts that Ms. Thompson has failed to state a cause of action to the extent that her own actions, either totally or partially, were the cause of any and all injuries that are alleged in the complaint.

### SECOND AFFIRMATIVE DEFENSE

For its second affirmative defense and in further answer to the complaint, DCL asserts that a pre-existing condition or injury proximately caused, in whole or in part,

or contributed to, any personal injury alleged by Ms. Thompson.

### THIRD AFFIRMATIVE DEFENSE

For its third affirmative defense and in further answer to the complaint, DCL asserts that to the extent Ms. Thompson failed to mitigate her damages, DCL is entitled to a reduction of any award recovered by Ms. Thompson.

### FOURTH AFFIRMATIVE DEFENSE

For its fourth affirmative defense and in further answer to the complaint, DCL asserts that Ms. Thompson's claims are subject to the terms and conditions of her passenger ticket contract and DCL reserves all rights, terms, and conditions included within the contract. DCL adopts and incorporates the entirety of the passenger ticket contract into its answer and affirmative defenses by reference.

### FIFTH AFFIRMATIVE DEFENSE

For its fifth affirmative defense and in further answer to the complaint, DCL asserts that Ms. Thompson's damages were caused in whole or in part by the acts of third persons for whom DCL is not responsible and such acts amount to a superseding cause that cuts off any causal connection between DCL's alleged negligence and plaintiff's damages.

### SIXTH AFFIRMATIVE DEFENSE

For its sixth affirmative defense and in further answer to the complaint, DCL asserts that there is no cause of action because it had no actual or constructive notice of any dangerous condition and, therefore, no duty to warn.

### SEVENTH AFFIRMATIVE DEFENSE

For its seventh affirmative defense and in further answer to the complaint, DCL

asserts that no dangerous condition existed that caused Ms. Thompson's accident. Alternatively, if the condition described in Ms. Thompson's Complaint did exist, such condition was open and obvious and should have been observed by Ms. Thompson and, therefore, Ms. Thompson cannot recover for the alleged accident.

## EIGHTH AFFIRMATIVE DEFENSE

For its eighth affirmative defense and in further answer to the complaint, DCL asserts that the alleged dangerous condition conformed to all applicable codes and standards of the industry. Accordingly, DCL cannot be held liable under general maritime law.

## NINTH AFFIRMATIVE DEFENSE

For its ninth affirmative defense and in further answer to the complaint, DCL asserts that plaintiff may only to recover the amount paid for past medical expenses and may not recover the gross amount charged or any amount that was adjusted, written off, or otherwise reduced by the plaintiff's medical provider.

WHEREFORE, DCL respectfully requests that this District Court dismiss this action with prejudice, and enter judgment in its favor, awarding costs and such other and further relief as the District Court deems just and proper.

/s/ Elbert L. Martin, IV
ELBERT L. MARTIN, IV
Florida Bar No. 0098010
emartin@laulane.com
DAVID W. McCREADIE
Florida Bar No. 308269
dmccreadie@laulane.com
LAU, LANE, PIEPER, CONLEY
& McCREADIE, P.A.
Wells Fargo Center, Suite 1650
100 S. Ashley Drive

Tampa, FL 33602<br>
Tel: (813) 229-2121<br>
Fax: (813) 228-7710<br>
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this document was filed on the Court's CM/ECF system on December 12, 2023, which will serve this document on each party in this action.

**/s/ Elbert L. Martin, IV**<br>
ELBERT L. MARTIN, IV<br>
Florida Bar No. 0098010
